[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kathleen G. Shockey, individually and as the administratrix of the decedent's estate of William H.R. Shockey, Jr., has moved for a prejudgment remedy against property of the defendants, Thomas Everett and Claire Corroon.
Both defendants have objected to the application for a prejudgment remedy based on General Statutes § 52-352b(t) which exempts from the claims of creditors the value of a homestead up to the amount of $75,000. Both defendants assert CT Page 3432 that the equity in their respective homes is less than $75,000 and hence that no lien may be imposed thereon.
Three Superior Court cases, however, have overruled objections to the granting of a prejudgment remedy based on the wording of General Statutes § 52-352a(c), which defines "exempt" as referring to "process or court order for the purpose of debt collection."
The cases are L. Suzio Asphalt Co. Inc. v. FerreiraConstruction Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 351912 (October 19, 1993, DeMayo,J.) (10 Conn. L. Rptr. 264, 265; Dunbar v. Dunbar, Superior Court, judicial district of New London, Docket No. 528800 (January 7, 1994, Austin, J.) (9 CSCR 150) aff'd Dunbar v.Dunbar, Superior Court, judicial district of New London at New London, Docket No. 528800 (April 29, 1994, Austin, J.); andJester v. Goodrich, Superior Court, judicial district of Danbury at Danbury, Docket No. 325769 (January 8, 1997, Carroll, J.) (General Statutes § 52-352b "does not bar a creditor from encumbering the exemptioner's real property with a prejudgment attachment, but rather, only bars execution on the lien.")
Based on the reasoning of these cases, the objections by the defendants to the motion for a prejudgment remedy based on the homestead exemption are overruled. The application for such a remedy should be reclaimed to the miscellaneous or special proceeding calendar for the required hearing.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of March, 2000.
William B. Lewis, Judge